IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § | |
| Plaintiff, | § § | |
| V. | § § § | CASE NO. 5:18-cv-00132 |
| STAR OPERATIONS, INC., CRYSTAL SIGNS, INC., LANA LEWIS f/k/a LANA HUFF, AND VICTOR C. HUFF, JR., | § § § § § | |
| Defendants. | § | |

*Complaint*

Plaintiff, Great American Insurance Company of New York, complains of Defendants, Star Operations, Inc., Crystal Signs, Inc., Lana Lewis f/k/a Lana Huff, and Victor C. Huff, Jr., and respectfully states:

*Parties, Jurisdiction and Venue*

1. Plaintiff, Great American Insurance Company of New York ("Great American"), is a corporation organized and existing under the laws of the State of New York with its principal place of business located in Cincinnati, Ohio. Great American is authorized to do and is doing business in the State of Texas.

2. Defendant, Star Operations, Inc. ("Principal"), is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 9100 IH 10 West, Suite 105, San Antonio, Texas 78230. Principal may be served with process by serving its President and registered agent, Lana Lewis, at her residence located at 5 Crescent Bluff, San Antonio, Texas 78257.

3. Defendant, Crystal Signs, Inc., is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 9100 IH 10 West, Suite 105, San Antonio, Texas 78230. Crystal Signs, Inc. may be served with process by serving its President and registered agent, Lana Lewis, at her residence located at 5 Crescent Bluff, San Antonio, Texas 78257.

4. Defendant, Lana Lewis f/k/a Lana Huff, is an individual citizen and resident of the State of Texas and may be served with process at her residence located at 5 Crescent Bluff, San Antonio, Texas 78257 or her place of business at 9100 IH 10 West, Suite 105, San Antonio, Texas 78230.

5. Defendant, Victor C. Huff, Jr., is an individual citizen and resident of the State of Texas and may be served with process at his residence located at 8702 Marble Drive, El Paso, Texas 79904 or his place of business located at 8327 Mercury Street, El Paso, Texas 79904.

6. Defendants, Crystal Signs, Inc., Lana Lewis f/k/a Lana Huff and Victor C. Huff, Jr., are collectively referred to hereafter as the "Indemnitors."

7. Diversity of citizenship exists between Great American and all Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Jurisdiction is thus proper pursuant to 28 U.S.C. §1332(a)(1). Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

*Factual Background*

8. On or about October 12, 2009, Principal and Indemnitors executed and entered into a written Agreement of Indemnity in favor of Great American, among others (the "Indemnity Agreement"). Principal and Indemnitors executed the Indemnity Agreement to induce Great American to issue surety bonds on behalf of Principal so that Principal could qualify to obtain

contracts on commercial construction projects that required bonds as security for Principal's performance.

9. In ¶SECOND of the Indemnity Agreement, Principal and Indemnitors, jointly and severally, agreed to exonerate, indemnify, hold harmless and keep Great American indemnified from and against any and all liability for losses, costs and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which Great American may sustain and incur: (i) by reason of having executed or procured the execution of surety bonds on behalf of Principal or Indemnitors, (ii) by reason of the failure of Principal or Indemnitors to perform or comply with the covenants and conditions of the Indemnity Agreement, or (iii) in enforcing any of the terms, covenants or conditions of the Indemnity Agreement.

10. In addition, Principal and Indemnitors, jointly and severally, agreed in ¶SECOND of the Indemnity Agreement that they would deposit with Great American, upon demand by Great American, as soon as liability for any claim arising under such bonds exists <u>or</u> is asserted against Great American, whether or not Great American shall have made any payment therefor, an amount of money determined by Great American for its use to exonerate and indemnify Great American from any liability, loss or expense for which Principal and Indemnitors are obligated to indemnify Great American under the Indemnity Agreement.

11. Principal and Indemnitors, jointly and severally, also agreed in ¶TENTH of the Indemnity Agreement as follows:

> TENTH: At any time, and until such time as the liability of [Great American] under any and all Bonds is terminated, [Great American] shall have the right to examine and copy the books, records, and accounts of [Principal and Indemnitors]; and any bank depository, materialman, supply house, or other person, firm or corporation, when requested by [Great American], is hereby authorized and directed by [Principal and Indemnitors] to furnish

[Great American] with any information requested including, but not limited to, the status of the work under contracts being performed by [Principal and Indemnitors], the condition of the performance of such contracts and payments of accounts.

12. Principal and Indemnitors, jointly and severally, also agreed in ¶FOURTH of the Indemnity Agreement as follows:

FOURTH: [Principal and Indemnitors] covenant and agree that all funds received by them, or due or to become due under any contract covered by any Bond are trust funds whether in the possession of [Principal and Indemnitors] or another, … for the benefit of, payment to or reimbursement of [Great American] for any liability, loss or expense [Great American] may incur under the Bond(s) or in enforcing this [Indemnity] Agreement. … Notwithstanding anything to the contrary herein, this dedication may be implemented in any other manner provided at law or in equity.

13. In reliance on the Indemnity Agreement and at the request of Principal and Indemnitors, Great American, as surety, along with Principal, as principal, executed and issued to James Construction Group, LLC ("Obligee"), as obligee, a Subcontract Performance Bond Form A ("Performance Bond") and a Subcontract Labor and Material Payment Bond ("Payment Bond"), each in the penal sum of $3,214,983.80 and numbered CA2505243 (collectively, the "Bonds"). The Bonds were executed and issued to secure the performance of Principal under a written Subcontract Agreement No. 10400-S24, Bell County – IH 35 Salado Traffic & Signage, Project No. STP 2009(531)ES, Contract 04103002, Control No. 001506071 ("Subcontract") between Obligee, as general contractor, and Principal, as a subcontractor, in connection with a public works project for the Texas Department of Transportation known as Bell County – IH 35, Owner No. 0015-06-071 ("Project").

14. Subsequent to the execution of the Bonds, Great American received claims under the Payment Bond from several sub-subcontractors and/or material suppliers of Principal claiming that Principal had failed to pay for certain labor performed and material provided to Principal on the Project. Despite demands by Great American to Principal and Indemnitors, Principal and

Indemnitors failed to discharge said claims and exonerate Great American from any losses resulting from same. As a result, Great American paid the claims of Falcon Steel America, LLC ($99,358.00) and Interstate Highway Sign Corp. ($46,763.20) (collectively, the "Claimants") under the Payment Bond on the Project in the combined sum of $146,121.20. Great American has thus sustained and incurred losses in the amount of $146,121.20 by reason of its having executed the Payment Bond with Principal on the Project. Prior to filing this Complaint, Great American presented a written demand to Principal and Indemnitors for indemnity from the losses paid to the Claimants under the Payment Bond. To date, Principal and Indemnitors have failed and refused to pay Great American for any of this amount owed under the Indemnity Agreement.

15. In addition, Obligee defaulted and terminated Principal's right to complete performance of the Subcontract on the Project and demanded that Great American perform its obligations to Obligee under the Performance Bond. While Great American continues to investigate and determine its obligations to Obligee, if any, under the Performance Bond, it remains exposed to liability to Obligee as a result of the termination of the Subcontract and demand against Great American under the Performance Bond.

16. As a result of the various claims submitted under the Bonds, Great American presented a written demand to Principal and Indemnitors on March 13, 2017, for the immediate deposit of cash or other equivalent collateral satisfactory to Great American in the amount of $750,000.00 to be used to exonerate and indemnify Great American from any liability, loss or expense for which Principal and Indemnitors are obligated to indemnify Great American under the Indemnity Agreement. As of the date of this Complaint, Principal and Indemnitors have failed to respond to this demand for cash or other collateral and/or deposit with Great American any portion of said demand for such collateral.

17. Moreover, as a result of the various claims submitted under the Bonds, Great American has also sustained and incurred expenses in investigating and resolving the claims under the Payment Bond, investigating and defending against the claims of Obligee under the Performance Bond, and seeking to enforce the provisions of the Indemnity Agreement, including, without limitation, counsel and consultant fees and costs. As of the date of this Complaint, Great American has paid the amount of at least $49,360.00 in such expenses. In addition, Great American will continue to sustain and incur future expenses until all exposure under the Bonds has been resolved and Principal and Indemnitors have fully exonerated and indemnified Great American.

18. All conditions precedent to Great American's right to recover from Principal and Indemnitors under the Indemnity Agreement and/or to specifically enforce the provisions of the Indemnity Agreement against them have occurred or have been performed, excused or waived.

### *Count I – Claims for Indemnity*

19. Great American realleges Paragraphs 1 through 18 above as if set forth in full herein.

20. First, Principal and Indemnitors have materially breached the terms of the Indemnity Agreement by failing and refusing upon demand to fully indemnify Great American for its losses paid to the Claimants under the Payment Bond in the amount of $146,121.20 plus the expenses incurred and paid to date in an amount of at least $49,360.00 in investigating and resolving the claims under the Payment Bond, investigating and defending against the claims of Obligee under the Performance Bond, and seeking to enforce the provisions of the Indemnity Agreement, including, without limitation, counsel and consultant fees and costs. Principal and Indemnitors are jointly and severally liable to Great American for said damages plus interest on said damages from the date(s) of payment by Great American until paid per the terms of the Indemnity Agreement, for which Great American now sues.

21.     Second, Great American is exposed to liability for future losses under the Performance Bond as a result of Obligee's demand and claim under the Performance Bond. Principal and Indemnitors are jointly and severally obligated to exonerate, indemnify and hold harmless Great American against all such potential future losses plus interest on said future damages from the date(s) of payment until paid per the terms of the Indemnity Agreement, for which amount Great American also now sues.

22.     Third, Great American will sustain and incur additional expenses until Principal and Indemnitors have fully indemnified Great American and performed their obligatons to Great American under the Indemnity Agreement. Principal and Indemnitors are jointly and severally liable to Great American for said future damages under the Indemnity Agreement plus interest on said future damages from the date(s) of payment until paid per the terms of the Indemnity Agreement, for which Great American now sues.

23.     Fourth, Great American presented a claim for indemnity to Principal and Indemnitors prior to this suit and the just amount owed was not tendered to Great American before the expiration of 30 days. Great American has been required to hire counsel to institute and prosecute this Complaint. Great American is also entitled to recover its reasonable attorney's fees from Principal and Indemnitors, jointly and severally, to pursue recovery of the amounts owed under the Indemnity Agreement pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Great American now sues.

24.     Fifth, Great American also sues Principal and Indemnitors, jointly and severally, for the maximum amount of post-judgment interest available under the Indemnity Agreement and/or federal or Texas law, and costs of court.

### *Count II - Specific Enforcement of Collateral Deposit Provision*

25. Great American realleges Paragraphs 1 through 24 above as if set forth in full herein.

26. On or about March 13, 2017, Great American demanded in writing that Principal and Indemnitors immediately deposit cash or other collateral security with Great American in the amount of $750,000.00 as determined by Great American based on the claims presented against Great American under the Bonds in accordance with their promise to Great American in ¶SECOND of the Indemnity Agreement. As of the date of this Complaint, Principal and Indemnitors have failed and refused to respond to this demand for cash or other collateral and/or deposit with Great American any portion of said demand for such collateral and have thus materially breached the Indemnity Agreement.

27. Under the Indemnity Agreement, Principal and Indemnitors are obligated, upon Great American's demand, to immediately deposit cash with Great American as collateral security in an amount determined by Great American to exonerate, indemnity and hold harmless Great American from and against all claims, demands and liability "… as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made any payment therefor." Great American has the right under the Indemnity Agreement to use such collateral security deposited with it to pay or settle "… any liability, loss or expense for which [Principal and Indemnitors] would be obligated to indemnify [Great American] under the terms of this [Indemnity] Agreement."

28. ¶SECOND of the Indemnity Agreement further provides, in part:

[Principal and Indemnitors] acknowledge that [their] failure … to deposit with [Great American], immediately upon demand, the sum demanded by [Great American] as payment shall cause irreparable harm to [Great American] for which [Great American] has no adequate remedy at law. [Principal and Indemnitors] agree that [Great American] shall be entitled to injunctive relief for specific performance

of any or all of the obligations of [Principal and Indemnitors] under this [Indemnity] Agreement including the obligation to pay to [Great American] the sum demanded and hereby waive any claims or defenses to the contrary.

29.     This express promise in the Indemnity Agreement to deposit upon demand cash or other collateral with Great American as collateral security is a crucial, bargained-for right the breach of which Great American truly has no adequate remedy at law – as Principal and Indemnitors expressly agreed in the Indemnity Agreement. Great American will suffer irreparable injury should Principal and Indemnitors be allowed to continue to fail and refuse to perform this specific promise to Great American. Accordingly, Great American sues Principal and Indemnitors, jointly and severally, for a judgment for specific performance of this collateral deposit provision and seeks preliminary and permanent injunctions from this Court compelling Principal and Indemnitors to immediately deposit cash with Great American in the amount of $750,000.00 to be used by Great American per the terms of the Indemnity Agreement.

30.     Great American is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this collateral deposit provision per the terms of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, and costs of court, for which Great American also now sues.

### *Count III – Specific Performance of Books and Records Provision*

31.     Great American realleges Paragraphs 1 through 30 above as if set forth in full herein.

32.     Great American has presented multiple demands upon Principal and Indemnitors for access to the books, records and accounts of Principal and Indemnitors in order to examine and copy their books, records and accounts per the terms of ¶TENTH of the Indemnity Agreement. While some information has been provided, Principal and Indemnitors have failed and refused to allow

Great American access to all of their books, records and accounts as they promised in the Indemnity Agreement. Great American, as the guarantor of Principal's performance of the Subcontract on the Project under the Bonds, needs access to all of the books and records of Principal and Indemnitors concerning, among other things, the underlying bonded Subcontract and their accounts in order to determine its potential exposure under the Bonds and be able to exercise its various rights under the Indemnity Agreement.

33. This books and records provision is a crucial, bargained-for right the breach of which Great American truly has no adequate remedy at law and will likely suffer irreparable injury should Principal and Indemnitors fail to perform their promise to Great American. Accordingly, Great American sues Principal and Indemnitors, jointly and severally, for a judgment for specific performance of their promise in this books and records provision in the Indemnity Agreement and seeks preliminary and permanent injunctions compelling Principal and Indemnitors, jointly and severally, to allow Great American full and complete access to their corporate and individual books, records and accounts for examination and copying by Great American at reasonable times and places as determined by this Court.

34. Great American is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this books and records provision per the terms of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Great American also now sues.

### *Count IV – Specific Performance of Trust Fund Provision*

35. Great American realleges Paragraphs 1 through 34 above as if set forth in full herein.

36. In ¶FOURTH of the Indemnity Agreement, Principal and Indemnitors agreed that all bonded contract funds due or to become due, whether in the possession of Principal, Indemnitors or

another, are trust funds for the benefit of Great American. Principal has filed claims against Obligee under the Subcontract for monies Principal alleges are due Principal for Obligee's alleged breaches of the Subcontract, including but not limited to, progress and retainage payments due for work performed under the Subcontract, additional monies due for extra work performed on the Project, and damages arising from Obligee's alleged wrongful termination of the Subcontract ("Subcontract Claim Funds"). To the full extent of any and all losses and expenses sustained and incurred by Great American as a result of having executed the Bonds, all such Subcontract Claim Funds are subject to the express trust granted in favor of Great American, as beneficiary, in the Indemnity Agreement.

37. This express trust provision in the Indemnity Agreement is a crucial, bargained-for right the breach of which Great American truly has no adequate remedy at law. Great American will suffer irreparable injury should Principal and Indemnitors be allowed to receive and not distribute to Great American any of the Subcontract Claim Funds as a result of claims filed against Obligee by Principal. Accordingly, Great American sues Principal and Indemnitors, jointly and severally, for a judgment for specific performance of this express trust provision and seeks preliminary and permanent injunctions from this Court compelling Principal and Indemnitors to immediately pay over to Great American any of the Subcontract Claim Funds received from Obligee as a result of Principal's claims against Obligee on the Project.

38. Great American is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this express trust provision per the terms of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, and costs of court, for which Great American also now sues.

WHEREFORE, Plaintiff, Great American Insurance Company of New York, respectfully requests that Defendants, Star Operations, Inc., Crystal Signs, Inc., Lana Lewis f/k/a Lana Huff, and

Victor C. Huff, Jr., be cited to appear and answer and, upon trial hereof, prays that judgment be entered against all Defendants, jointly and severally, in favor of Great American as prayed for above and for such other and further relief to which Great American may be justly entitled at law or in equity.

                                                Respectfully submitted,

                                                */s/ Robert M. Fitzgerald*
                                                Robert M. Fitzgerald
                                                Lead Counsel
                                                TX State Bar No. 07088900
                                                Law Offices of Robert M. Fitzgerald
                                                1219 FM 314
                                                Van, Texas 75790
                                                (903) 963-7550
                                                (903) 963-7551 (Fax)
                                                Email: rfitzgerald@rmflaw.net
                                                *Attorneys for Plaintiff, Great American Insurance Company of New York*